UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Criminal No. CR-05-239 (RCL) |
| : | |
| NANCY R. BRYANT, : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing in the above-captioned case. For the reasons set forth herein, the government will not oppose a sentence imposing a term of probation pursuant to 18 U.S.C. § 3561.

**I.   BACKGROUND**

On July 8, 2005, defendant Nancy R. Bryant pled guilty to a one-count felony information charging her with Mail Fraud, in violation of 18 U.S.C. § 1341. During her plea colloquy defendant admitted that between July 1998 and September 2001, she engaged in a scheme to collect unemployment insurance benefits from the District of Columbia Department of Employment Services while simultaneously earning wages from a private employer. In all, defendant received $23,402 in unemployment insurance benefits from the Department of Employment Services, and fraudulently kept those funds for her own benefit.

Between July 1998 and September 2001, defendant was employed by a food services company by the name of Sodexho Operations, LLC ("Sodexho"), a subsidiary of the Marriott Corporation. Defendant worked at Bon Appetit, a restaurant owned by Sodexho, which was located on the campus of American University in Northwest, Washington, D.C.

Despite her continuous employment with Sodexho, defendant applied for and received unemployment insurance benefits during four separate periods between July 1998 and September 2001. Specifically, defendant fraudulently received unemployment benefits in the amount of $23,402 from the Department of Employment Services during the following periods:

(1)   7/25/1998 through 11/14/1998 ($4,862);

(2)   5/22/1999 through 11/20/1999 ($5,253);

(3)   5/27/2000 through 11/25/2000 ($8,034);

(4)   5/26/2001 through 9/22/2001 ($5,253).

It was further a part of the scheme to defraud that defendant made materially false, fraudulent and misleading representations and promises. Specifically, during the time period from July 1998, through September 2001, defendant mailed claim cards to the Department of Employment Services on which she falsely certified that she was not employed.

For example, on June 16, 2001, defendant completed and mailed a claim card to the Department of Employment Services in which she falsely certified that she was unemployed. Thereafter, on or about June 18, 2001, based on defendant's false certification concerning her employment status, the Department of Employment Services issued a check made payable to defendant in the amount of $618. Defendant cashed this check, and fraudulently kept the proceeds of the check for her own benefit.

## II.   SENTENCING CALCULATION

### A   Statutory Maximum

Defendant pled guilty to one count of Mail Fraud, in violation of Title 18, United States Code, Section 1341. The maximum sentence for this offense is five years imprisonment, a fine of

$250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three year term of supervised release.

    B.    <u>Sentencing Guideline Calculation</u>

Both parties agreed to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculates defendant's total offense level of 8. <u>See</u> PSR ¶ 26. This includes the base offense level of six (§ 2B1.1(a)(2)), and four levels for "loss" of more than $10,000 (§ 2B1.1(b)(1)(C)). Pursuant to the plea agreement, however, the government agreed not to oppose a two point reduction for acceptance of responsibility, which yields a total offense level of 8. The PSR also correctly lists defendant's criminal history as Category I. <u>See</u> PSR ¶ 29. Therefore, the guideline range for defendant is correctly calculated in the PSR as 0-6 months. <u>See</u> PSR ¶ 45. Pursuant to paragraph 3 of the plea agreement, the parties agree not to seek any adjustments or departures from this offense level.

    C.    <u>Restitution</u>

The plea agreement provides that defendant will pay restitution in the amount of $23,402.

    D.    <u>Prior Criminal History</u>

Defendant has a criminal history score of zero points. <u>See</u> PSR ¶ 29.

**III.    CONCLUSION**

Defendant is facing 0 to 6 months imprisonment under the (now advisory) Federal Sentencing Guidelines. To her credit, defendant entered a pre-indictment plea in this case and has accepted responsibility for her actions. Moreover, defendant has no criminal history, and appears to be gainfully employed. Thus, the government will not oppose a sentence imposing a term of probation.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY

        _____
        DAVID CAREY WOLL, JR.
        Assistant United States Attorney
        Fraud & Public Corruption Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 514-4250